IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER M. REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:22-cv-458-ECM |
| | ) | (WO) |
| CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Now pending before the Court is a motion for leave to amend the complaint filed by the Plaintiff on April 21, 2023. (Doc. 32). The Defendant filed a response in opposition to the motion, arguing the motion was filed after the deadline set out in the Court's Uniform Scheduling Order for amending the pleadings, which was February 1, 2023. (Doc. 35). Having reviewed the motion and accompanying briefs, the Court concludes that the motion for leave is due to be GRANTED.

District courts must "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings." FED. R. CIV. P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order" and may be modified only "upon a showing of good cause." FED. R. CIV. P. 16(b)–(e). As is the case here, when a plaintiff seeks leave to amend her complaint after the time required by a court's scheduling order, the plaintiff "must first demonstrate good cause under Rule 16(b) before" a court considers "whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). A court's schedule "may be

modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." FED. R. CIV. P. 16 advisory committee's note; *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("In light of [plaintiff's] lack of diligence in protecting her rights, [her] attempt to add a defendant outside the time frame prescribed by the scheduling order was not supported by good cause.").  If a plaintiff makes the required good cause showing, then the court may grant leave to amend the complaint and "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *AMG Trading & Distrib., LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 409 (11th Cir. 2020).

The Plaintiff's original complaint listed only the City of Montgomery as a defendant.  Count I was brought under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 for race discrimination, retaliation, failure to promote, and demotion.  Count II was brought pursuant to Title VII for sex discrimination, harassment, and retaliation.  Finally, Count III was brought pursuant to § 1981 and Title VII for hostile work environment harassment.  Although not listed as defendants, the complaint discusses allegedly wrongful actions taken by Steven Reed ("Reed"), Zedrick Dean ("Dean"), and Ramona Harris ("Harris").  The Defendant did not move to dismiss this complaint, rather serving an answer on October 14, 2022.

The Defendant takes issue with three changes in the proposed amended complaint.  First, it adds Reed, Dean, and Harris as defendants.  It also subdivides previously pled federal claims into nine separate counts.  Count I from the original complaint was divided

to separate claims for § 1981 failure to promote (Count III); § 1981 demotion (Count V); § 1981 constructive termination and forced retirement (Count V); Title VII demotion (Count VII); Title VII constructive termination and forced retirement (Count VIII); and § 1981 and Title VII retaliation (Count XI).  The original Count III was consolidated into Title VII harassment by a supervisor and a co-worker (Counts IX and X).

Third, the Plaintiff adds four federal claims:  violations of the Fourteenth Amendment Equal Protection Clause for a hostile work environment by supervisor and co-worker harassment (Counts I and II); violation of the Fourteenth Amendment substantive due process rights (Count XII); and conspiracy to violate the Plaintiff's civil rights (Count XIII).  Finally, the proposed amended complaint adds nine state-law claims:  civil conspiracy (Count XIV); invasion of privacy (Count XV); defamation by intentional slander and libel per se (Count XVI); defamation by negligent libel and slander (Count XVII); negligent and wanton hiring, training, supervision, and retention (Count XVIII); breach of contract (Count XIX); breach of fiduciary duty (Count XX); aiding and abetting breach of fiduciary duty (Count XXI); and tortious interference with contractual or business relations (Count XXII).

The Court finds that the Plaintiff has established good cause to amend her complaint under Rule 16(b).  As explained in her reply to the Defendant's objections, subdividing the original claims actually makes it clearer as to which claims are being brought against which defendants.  Moreover, most facts relied on by the Plaintiff in the amended complaint were present in the original complaint.  Certain new facts and claims arose after the filing of the original complaint.  Other new claims against new defendants involve the same actors and

facts listed in the original complaint. Furthermore, the Plaintiff has indicated that she would have been deposed the new defendants in any event because they were pivotal actors in the events listed in the original complaint. It cannot come as such undue prejudice and surprise to these individuals that they could be named as defendants in a case where they were already on notice of allegations of wrongdoing. In a similar vein, the Plaintiff highlights that in the interest of justice, it is more efficient to add these new defendants to this case rather than bringing individual separate claims against them for the same alleged wrongdoing. All these changes appear in the proposed amended complaint, still early in the course of litigation and discovery.

Ultimately, while the Plaintiff did wait twenty-one days to seek leave to amend her complaint, this litigation is in the early stages of litigation and there is no evidence that the delay was due to a lack of diligence on her part. Moreover, no party appears to face undue prejudice by the amendment so early on in discovery. Therefore, the Plaintiff has shown good cause under Rule 16(b).

Having found good cause, the Court also finds leave to amend appropriate under the Rule 15(a)(2) standard. The Court may grant leave to amend the complaint and "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *AMG Trading & Distrib., LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 409 (11th Cir. 2020). For the same reasons that the Court found good cause under Rule 16(b), the Court finds the filing of the amended complaint will not unduly prejudice the Defendant. Therefore, under Rule 15(a)(2), justice supports giving the Plaintiff leave to file her complaint.

Accordingly, and for good cause, it is

ORDERED that the Plaintiff's motion (doc. 32) is GRANTED.  It is further

ORDERED that the Plaintiff shall file her amended complaint on or before **June 9, 2023**, in compliance with this Court's local rules. *See* L.R.M.D.Ala.15.1.

DONE this 2nd day of June, 2023.

                                             /s/ Emily C. Marks  
                                          EMILY C. MARKS  
                                          CHIEF UNITED STATES DISTRICT JUDGE