IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENNIFER M. REAVES,                    )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )     CIVIL CASE NO. 2:22-cv-458-ECM
                                       )                [WO]
CITY OF MONTGOMERY, *et al.*,          )
                                       )
        Defendants.                    )

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Before the Court are a flurry of filings related to the Plaintiff's failure to timely

respond to the Defendants' motion for summary judgment and related evidentiary disputes.

Now pending before the Court are six motions filed by the Plaintiff: (1) first motion to

strike evidentiary submission (doc. 131); (2) second motion to strike evidentiary

submission (doc. 138); (3) first motion for leave to file brief out of time (doc. 135);

(4) second motion for leave to file brief out of time (doc. 136); (5) motion to unseal

documents (doc. 122); and (6) motion to exclude undisclosed witnesses and documents

(doc. 133).[1] The Defendants oppose both the Plaintiff's first and second motions for leave

to file brief out of time. (*See* doc. 137).[2] Additionally, the Alabama Ethics Commission

("Commission") moves to seal several exhibits contained in the Plaintiff's evidentiary

---

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

[2] To date, the Defendants have not responded to the Plaintiff's motion to exclude undisclosed witnesses and documents. (Doc. 133).

submissions. (Doc. 143). The Commission, a non-party, contends evidence has been filed in contravention of this Court's Protective Order and Alabama's Grand Jury Secrecy provisions. (*Id.* at 1–4). Finally, Attorney Heather Leonard moved to withdraw as an attorney in the case. (Doc. 144). This Order addresses the eight motions pending before the Court.

To begin, the Court provides the procedural history and timeline of this litigation—relevant to all six of the Plaintiff's motions, the Commission's motion to seal, and Attorney Leonard's motion to withdraw. The Court then addresses the Plaintiff's motions to strike evidentiary submissions (docs. 131 & 138), the Plaintiff's motions for leave to file brief out of time (docs. 135 & 136), and Attorney Leonard's motion to withdraw (doc. 144). Next, the Court analyzes the Plaintiff's motion to unseal documents (doc. 122), the Commission's motion to seal (doc. 143), and the Plaintiff's motion to exclude undisclosed witnesses and documents (doc. 133).

## II.  BACKGROUND

### A.    Procedural History

On June 8, 2023, the Plaintiff filed her first amended complaint ("operative complaint") against the Defendants for "unlawful employment practices and other acts of intentional discrimination, harassment[,] and retaliation." (Doc. 43 at 3, para. 10). On September 25, 2024, the parties moved to consolidate this case with two other actions pending in the Middle District of Alabama that arose "out of an intertwined factual scenario with many mutual parties and witnesses[.]" (Doc. 97 at 1). On October 17, 2024, United States District, for the Southern District of Alabama, Judge Kristi K. Dubose ("Judge

Dubose") consolidated Case Nos. 2:22-cv-458-ECM (this case), 2:23-cv-146-KKD, and 2:23-cv-464-KKD for discovery purposes. (Doc. 101 at 2). These related actions were consolidated into Case No. 2:23-cv-146-KKD for discovery. (*Id.*). Shortly after consolidation, the Court entered a Protective Order, which governed disclosures of matters subject to grand jury secrecy and the protection of confidential information and evidence. (Doc. 82 in Case No. 2:23-cv-146-KKD). Attorneys Alicia Haynes ("Ms. Haynes"), Kenneth Haynes, and Heather Leonard ("Attorney Leonard") are listed as counsel of record for each named plaintiff in all three of the consolidated cases.

The Court's Uniform Scheduling Order in this case was originally unaffected by the consolidation Order. Judge Dubose reset the dispositive motions deadline in Case Nos. 2:23-cv-146-KKD and 2:23-464-KKD to February 13, 2025—matching this case's deadline. (Doc. 101 at 3–4); (*see also* doc. 96 at 1, Section 2). The dispositive motions deadline was later extended to February 28, 2025, which applied to each of the three related cases. (Doc. 101 at 2 in Case. No. 2:23-cv-146-KKD). These three cases were now in the same stage of litigation, with dispositive motions due on February 28, 2025. Here, the Defendants timely filed their motion for summary judgment on February 28, 2025. Below, the Court discusses the litany of events that occurred following the Defendants' summary judgment filing.

**B.    Summary Judgment Briefing Timeline**

On February 28, 2025, the Defendants filed their motion for summary judgment. (Doc. 107). The Defendants' accompanying 233-page brief challenges all twenty-two

counts of the Plaintiff's operative complaint.[3] (Doc. 113). On March 3, 2025, the Court ordered the Plaintiff to respond to the Defendants' motion for summary judgment on or before March 24, 2025. (Doc. 115). On March 20, 2025, the Plaintiff filed her first motion for an extension of time, seeking an additional week to file her response. (Doc. 120 at 4). The Plaintiff cited three grounds in support of her first motion for an extension of time: (1) the burden of responding to simultaneously filed summary judgment briefs, stating, "it has not been physically possible to devote the necessary time to complete the briefs"; (2) the preplanned vacation and American Bar Association speaking engagement of co-counsel Attorney Leonard;[4] and (3) the preplanned family vacation of "Plaintiff Finley."[5] (Doc. 120 at 3–4, paras. 10–11). One day later, the Court granted the Plaintiff's first motion for extension of time and reset the Plaintiff's response deadline to March 31, 2025. (Doc. 121).

---

[3] The Court sealed two exhibits filed in support of the Defendants' motion for summary judgment on February 28, 2025. (Doc. 114). On March 30, 2025, the Plaintiff filed an "opposition to [the] Defendants filing documents under seal[,]" (doc. 122) which the Court construed as a motion to unseal. (*See* doc. 130). The Defendants and the Commission responded (docs. 141 & 142), and the motion to unseal (doc. 122) is before the Court.

[4] Attorney Leonard states, "[i]n January 2025, prior to the dispositive motion deadline, [she] participated in a meeting where there was a discussion about [her] assisting with briefing responses to dispositive motions." (Doc. 144 at 2 n.1). On March 20, 2025, the Plaintiff still referenced Attorney Leonard's absence as an additional reason for seeking an extension. (*See* doc. 120 at 3, para. 11). Attorney Leonard states that despite her participation in the January 2025 meeting, she "ha[d] not been actively involved in this case since 2023[.]" (Doc. 144 at 1, para. 2).

[5] The Court understands the Plaintiff's reference to "Plaintiff Finley" to refer to Ernest N. Finley Jr. ("Mr. Finley"). Mr. Finley is a named plaintiff in Case Nos. 2:23-cv-146-KKD and 2:23-cv-464-KKD but is not a party to this case. Therefore, the Court questions how Mr. Finley's absence hindered the drafting of the Plaintiff's response in *this* case.

On March 31, 2025, at 10:13 p.m., after business hours, and only one hour and forty-seven minutes before her response deadline (midnight), the Plaintiff filed her second motion for extension of time. (Doc. 123). The Plaintiff's motion sought either "THREE [additional] DAYS" to respond in opposition to the Defendants' summary judgment motion (as referenced in the motion's title) or "FOUR DAYS to finalize and file her opposition brief and evidence" (as referenced in the motion's body). (*Id.* at 1). The Plaintiff cited three grounds in support of her second requested extension: (1) "Spring Break for the Alabama School [S]ystem[,]" which caused staff absences; (2) the truncated timeline "created unexpected time delays in finalizing the brief in this matter and [in] *Finley, Reaves v. Albritton*, 23-cv-464-KKD-PBM. The Finley/Reaves brief is being filed today[, March 31, 2025]"[6]; and (3) a "complete crash of one desktop computer that a part-time person used to assist with the brief and edits." (*Id.* at 1–2, paras. 2–4). The Plaintiff stated that the computer crash occurred on "Sunday"—March 30, 2025—one day *before* the response deadline. (*Id.* at 2, para. 4). The Plaintiff did not bring this *emergent* situation to the Court's attention until 10:13 p.m. on March 31, 2025, less than two hours before the filing deadline.[7]

According to an undated declaration signed by Plaintiff's counsel's "technical support" Chris Burnett ("Mr. Burnett"), he received a text from Ms. Haynes "[o]n *Sunday*

---

[6] Counsel's response in Case No. 2:23-cv-464-KKD was due on March 31, 2025. (Doc. 116 in 2:23-cv-464). Counsel filed her response brief on April 8, 2025. (Doc. 122 in 2:23-cv-464-KKD).

[7] On March 31, 2025, the Plaintiff erroneously filed an evidentiary submission in this case. (Doc. 124). The evidentiary submission's case caption referenced Case No. 2:23-464-KKD. (*Id.* at 1). The Plaintiff has moved twice (docs. 131 & 138) to strike this evidence from the record.

evening, March 31, 2025, at 7:07 p.m."[8] (Doc. 136 at 6, para. 6) (emphasis added). Given the Plaintiff's previous representations, the Court assumes that Mr. Burnett was contacted on Sunday, March 30, 2025—one day before the briefing deadline. Mr. Burnett ran diagnostic tests and "identified the virus that caused the problem along with 22 other types of malware and viruses on the system." (*Id.* at 8, para. 14). Mr. Burnett informed Ms. Haynes that "it would take approximately two . . . days for [a] program to analyze and try to repair and recapture [the lost] information." (*Id.* at 8, para. 15). According to Mr. Burnett, Ms. Haynes "indicated that [his proposed solution] would not be helpful with the deadlines in place and they would start recreating [the brief]." (*Id.*).

The Plaintiff also erroneously filed "Plaintiffs' Evidentiary Submission" during the final minutes of March 31, 2025—the Plaintiff's response deadline. (Doc. 124). The document's caption references "Case No. 2:23-464-KKD-PBM." (*Id.* at 1). Instead of receiving a response brief in this case, the Court received—without explanation—572 pages of evidence intended to be filed in a *different* case. (*See* docs. 124-1–124-18).

After the Plaintiff's erroneous evidentiary submission and second motion for extension of time, the Defendants filed a response in opposition to the Plaintiff's second motion for an extension of time. (*See generally* doc. 127). The Defendants argued that the Plaintiff's failure to contact opposing counsel violated this Court's Uniform Scheduling Order and constituted a prohibited "eleventh hour" request. (*Id.* at 2–4). Counsel for the

---

[8] On March 31, 2025, when determining whether to grant the Plaintiff's second motion for extension of time, the Court was unaware of the nature and extent of the technical issues as described by Mr. Burnett. The Plaintiff's second extension of time did not reference Mr. Burnett's declaration. The Plaintiff filed the undated declaration as part of its second motion to file brief out of time, which was filed on April 7, 2025—seven days after the Court's previous March 31, 2025 deadline. (Doc. 136 at 6–8).

Defendants "already rearranged their schedules once to accommodate [the Plaintiff's] first request for extension[.]" (*Id.* at 9). On April 2, 2025, the Plaintiff replied to the Defendants' response. (Doc. 128). The Plaintiff's reply underscored the contentious nature of this dispute and analogized opposing counsel's behavior during discovery to "kids in a sandbox and one leaving with all of the toys." (*Id.* at 2, para. 4). The Plaintiff reiterated the difficulty of responding to the summary judgment motion and cited the size of her law firm. (*Id.* at 3, para. 6). Plaintiff's counsel firmly stated, "I have tried to continue all other client and personal matters to solely devote my time to these briefs. I have also intentionally not put my entire schedule on a public forum [for] other personal reasons that have interfered with my ability to proceed without an extension of time." (*Id.*).

The Court, giving Plaintiff's counsel the benefit of the doubt, and understanding that emergencies arise (including competing summary judgment briefing deadlines), granted the Plaintiff's second motion for extension of time and extended her response deadline four days to April 4, 2025—the Plaintiff's *requested* due date. (Doc. 129). April 4, 2025, came and went. The Plaintiff did not respond. Instead, on April 4, 2025, the Plaintiff moved to strike the erroneous evidentiary submission (doc. 131) and moved to exclude undisclosed witnesses and documents (doc. 133). Just like March 31, 2025, with a deadline looming, the Plaintiff, once more, filed mountains of evidence without any explanation. (*See generally* docs. 132 and 134). The Court, after granting two extensions of time (docs. 121 & 129), was left to consider the following submissions: (1) erroneous evidence (doc. 124); (2) a motion to strike the erroneous evidentiary submission (doc. 131); (3) a motion to exclude (doc. 133); and (4) two volumes of evidence (docs. 132 and 134).

Instead of a summary judgment response, the Court's April 4, 2025 workday ended—saddled with two volumes of evidence (docs. 132 and 134) exceeding 1,500 pages. Notably, the Plaintiff compiled summary judgment evidence and filed additional motions, but failed to comply with the response deadline *she requested*.[9]

On April 7, 2025, the Plaintiff filed two motions for leave to file brief out of time. (*See* docs. 135 & 136). The first motion for leave to file brief out of time (doc. 135) contained six pages and appeared to inadvertently exclude pages. (*See* doc. 135 at 1–2). The Plaintiff's second motion for leave to file brief out of time cited the following grounds for failure to comply with the Court's Order: (1) the drafting process took longer than anticipated (doc. 136 at 1, paras. 1–2) and (2) an important family event out of town required Plaintiff's counsel (Ms. Haynes and Kenneth Haynes) to leave the office at 5:30 p.m. while "[their] client stayed with two law clerks checking factual citations" (*id.* at 1–2, para. 2).[10] Ms. Haynes stated that she arrived "back at [the] office close to 11:30 PM where [her] client was still waiting to go over revisions." (*Id.* at 2, para. 3). Based on Ms. Haynes' own representations, she had thirty minutes to comply with the Court's Order, which incorporated her requested deadline of April 4, 2025. Instead of finalizing the response brief and submitting the document on time, Ms. Haynes states, "I then started

---

[9] The Court acknowledges that sensitive personal circumstances may arise which necessitate extensions. The Court relies on counsel to inform the Court when they cannot comply with Court deadlines. When a lawyer requests a particular date, the Court assumes that the requested date provides sufficient time for the lawyer to comply.

[10] On April 7, 2025, the Court was unaware that Attorney Leonard had "not been actively involved in th[e] case since 2023[.]" (Doc. 144 at 1, para. 2). While an attorney is listed as counsel of record in a case, the attorney remains responsible for complying with this Court's Orders and deadlines.

finalizing . . . revisions after [the Plaintiff] left around midnight. Sometime around 5:00AM I noticed the immunity argument I had written the day before was missing a paragraph of research[.]" (*Id.*).  Ms. Haynes attributed the argument's loss to a technical issue related to "document recovery in [Microsoft] Word." (*Id.* at 2, para. 4).

The Defendants oppose the first (doc. 135) and second (doc. 136) motions for leave to file brief out of time. (Doc. 137).  The Defendants argue that by Plaintiff's counsel's own admission, the response brief was not complete and ready to be filed by the Court's April 4, 2025 deadline. (*Id.* at 3).  The Defendants note that the Plaintiff did not communicate with opposing counsel before filing the first and second motions for leave to file brief out of time. (*Id.* at 4).

On April 7, 2025, while the Court waded through the parties' filings, the Plaintiff filed three additional submissions.  First, the Plaintiff filed a motion to strike the erroneous evidentiary submission. (Doc. 138).  This motion to strike is substantively identical to the Plaintiff's first motion to strike, filed on April 4, 2025. (*See* doc. 131).  Second, the Plaintiff filed an untimely third volume of evidence without explanation or permission. (Doc. 139).  Third and finally, the Plaintiff, without leave from the Court filed her response to the Defendants' motion for summary judgment at 11:58 p.m. (Doc. 140).

The Plaintiff's failure to comply with Court Orders, repeated last minute requests for extension, and lack of attention to detail, raise several questions before the Court and inform its decision on four of the Plaintiff's motions:  (1) first motion to strike evidentiary submission (doc. 131); (2) second motion to strike evidentiary submission (doc. 138); (3) first motion for leave to file brief out of time (doc. 135); and (4) second motion for

leave to file brief out of time (doc. 136). The Court's analysis also informs its findings regarding Attorney Leonard's motion to withdraw (doc. 144). The Court addresses each issue in turn, beginning with the Plaintiff's violations of this Court's Uniform Scheduling Order. (*See* doc. 96).

**C.    The Plaintiff's Motions to Strike and Motions for Leave**

**1.    Uniform Scheduling Order:  Violations**

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted).[11] On May 21, 2024, the Court entered its Uniform Scheduling Order, which outlined various deadlines and set out general provisions which "are binding on the parties." (Doc. 96 at 5, Section 15(D)). In violation of this Court's Uniform Scheduling Order, the Plaintiff failed to:  (1) consult with counsel for all other parties before filing a motion for extension; (2) timely request an extension of the deadline; and (3) comply with dispositive motion requirements. (Doc. 96 at 5, Section 15; *id.* at 1–2, Section 2). The Plaintiff instead filed "eleventh hour" extensions. The Court addresses all three failures in turn, beginning with Plaintiff's counsel's failure to consult with opposing counsel.

The Court's requirement that parties consult with opposing counsel before seeking an extension of time serves two distinct purposes. First, it promotes problem solving and

---

[11] While the Court recognizes that *Johnson* does not bind the Court, the Court finds its analysis to be persuasive.

consensus.  Despite litigation's adversarial nature, requiring parties to confer before filing motions for extension champions compromise and reduces the emotional reaction to a surprise filing.  Second, the Court's requirement conserves judicial resources and allows for the efficient administration of justice.  Here, the Plaintiff did not contact opposing counsel before seeking her first or second extension of time.  (*See* doc. 127 at 2).  Although not explicitly labeled an extension of time, there is no record evidence to suggest the Plaintiff contacted opposing counsel before filing the first or second motion for leave to file brief out of time.  (*See* docs. 135 & 136).  Instead, Plaintiff's counsel "detailed [her] efforts to locate the brief in an email Saturday morning [April 5, 2025] to Defense Counsel[,]" but never informed opposing counsel she planned to file a motion for leave to file brief out of time—the practical consequence of filing a brief out of time would *extend* her time to respond and alter the Defendants' time to reply. (Doc. 136 at 2, para. 4).  The Court is sympathetic to late night emergencies, technological issues, and the need for extensions of time.    However, in the digital age that allows for instantaneous communication, there is no excuse for the failure to contact opposing counsel.[12]

The Court's Uniform Scheduling Order prohibits "eleventh hour extension[s]" and advises parties that "[a]bsent stated unforeseen and unavoidable circumstances beyond the control of the movant . . . 'eleventh hour' extension requests and motions will be denied outright." (Doc. 96 at 5, Section 15(B)).  The Plaintiff cites "circumstances beyond [her]

---

[12] The Uniform Scheduling Order allows parties to offer a "credible explanation in the request or motion why this requirement has not been met." (Doc. 96, at 5, Section 15(B)).  Here, the Plaintiff's first request for extension of time did not include reference to any last-minute emergencies that prevented her from contacting opposing counsel. (*See* doc. 120).

control" in her second request for extension of time (doc. 123 at 2) and her second motion for leave to file brief out of time (doc. 136 at 3).  The Court considers an unexpected computer crash to be an unforeseen circumstance, but preplanned vacation and family events are certainly foreseeable and avoidable circumstances.  For example, Ms. Haynes noted that at "5:30 PM" on April 4, 2025, the Court's imposed deadline, which counsel requested, "[She] was still *working* on the argument section with [her] client when [she] needed to leave." (Doc. 136 at 1, para. 2) (emphasis added).  Although disfavored, counsel could have informed the Court and opposing counsel that more time was needed to file the response.  Instead, Ms. Haynes "arrived back at [her] office close to 11:30 PM where [her] client was still waiting to go over revisions. [She] then *started* finalizing those revisions after [the Plaintiff] left around *midnight*." (*Id.* at 2, para. 3) (emphases added).  Again, Plaintiff's counsel did not seek relief from the Court or inform opposing counsel.

The Plaintiff's response brief was originally due on March 24, 2025, twenty-four days after the Defendants moved for summary judgment. (Doc. 115).  On April 4, 2025, at 11:30 p.m., Plaintiff's counsel assuredly knew the response brief would not be timely filed, thirty-five days after the Defendants moved for summary judgment.  Even considering the "large number of pages of briefing" (doc. 120 at 3, para. 10), preplanned events (*id.* at 3–4, para. 11), staffing issues due to Alabama's Schools' spring break (doc. 123 at 1, para. 2), an unexpected computer crash losing "8 hours of work" (*id.* at 2, para. 4), and an important family event (doc. 136 at 1, para. 1), these circumstances do not explain how the three attorneys of record in this case were unable to either:  (1) complete the brief within a thirty-five day window or (2) inform the Court promptly of delays and work with opposing

counsel to accommodate extension.  "Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires." *Young v. City of Palm Bay*, 358 F. 3d 859, 864 (11th Cir. 2004).  Indeed, when a case catches fire, failure to extinguish the blaze or notify the Court of the flames is a recipe for failure.

On April 7, 2025, the Plaintiff filed her response in opposition to the Defendants' motion for summary judgment. (Doc. 140).  The brief is incomplete.  The Plaintiff submitted two volumes of evidence, totaling 1,511 pages, on April 4, 2025. (*See* docs. 132 & 134).  On April 7, 2025, the Plaintiff filed a third volume containing 239 pages of evidence. (*See* doc. 139).  The Court's Uniform Scheduling Order clearly explains how dispositive motion briefs are to be filed.  "In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a *specific* reference, by page and line, to where the evidence can be found in a supporting deposition or document." (Doc. 96 at 2, para. 2) (emphasis added).  The Court notes, "[f]ailure to make such specific reference may result in the evidence not being considered by the court." (*Id.*).  A cursory review of the Plaintiff's response reveals approximately fourteen total citations to record evidence. (*See* doc. 140 at 16–22).  The Plaintiff submitted 1,750 pages of evidence and only cited to record evidence fourteen times.  The citations the Plaintiff does provide prove unhelpful.  For example, the Plaintiff cites to:  "Transcript #5 and 6. Audio 5 and 6" and "AGO 492-552, Reaves EEOC FOIA 3, 37[,] and 62." (*See id.* at 17, 21).  The Court will not attempt to decipher the Plaintiff's record citations.

Therefore, without guidance, the Court will not embark on the herculean task of reviewing 1,750 pages of unexplained evidence. The Plaintiff's response barely references any record evidence, and the occasional references are not accompanied by a specific citation, by page and line, to where the evidence can be found.[13] Therefore, the Plaintiff's evidentiary filings, volume one (doc. 132) and volume two (doc. 134) are due to be struck for failure to comply with this Court's Orders.[14] Additionally, the Plaintiff's second motion for leave to file brief out of time (doc. 136) did not seek permission to file the evidentiary submission titled "volume three" (doc. 139) out of time. Therefore, the Plaintiff's third evidentiary submission is untimely and due to be struck. (Doc. 139).

## 2.      Representations to the Court

The Court raises three concerns regarding Plaintiff's counsel and her representations to the Court. First, in the Plaintiff's second request for an extension of time, Plaintiff's counsel informed the Court that an extension was needed in part because the "Finley/Reaves brief is being filed *today*"—March 31, 2025. (Doc. 123 at 2, para. 3) (emphasis added). A review of the docket in Case No. 2:23-cv-464-KKD informs the Court that Plaintiff's counsel did not file a response brief in that case until April 8, 2025. (Doc. 122 in Case No. 2:23-cv-464-KKD). In granting the Plaintiff's second motion for extension, the Court relied on counsel's representations that work in other cases was being

---

[13] Although the Defendants' motion for summary judgment does not appear to suffer from the same infirmity, evidence submitted that is not discussed or cited pursuant to this Court's Orders may be stricken at a later date. (*See* doc. 96 at 2, Section 2).

[14] The Court will seal several exhibits included in the Plaintiff's evidentiary submissions. *See infra.* Section II.E.2.

finalized.  Plaintiff's counsel did not correct the record and did not file the response brief as promised.

Second, in the Plaintiff's second motion for leave to file brief out of time, counsel attached an email to opposing counsel which states, "I copied the section of research and went back to the brief, and it was gone . . . . The files with the *fact section* were there, but not the law portion." (Doc. 136 at 5) (emphasis added).  In her April 5, 2025 email, Ms. Haynes represented to opposing counsel, and eventually to the Court, that certain portions of her legal research were lost but explicitly stated that the "files with the fact section were there[.]" (*Id.*).  Two days after the email was sent, the Plaintiff filed her response. (Doc. 140).  The response, which by counsel's own representations should have included the fact section of her brief, instead, looked like this:

I.    INTRODUCTION

II.   PLAINTIFF'S STATEMENT OF FACTS

The filed response calls into question Ms. Haynes' representations to opposing counsel and this Court.

Finally, the Court notes that the Plaintiff's response is incomplete.  It contains the following types of errors which reflect a lack of careful review:  (1) unusual highlighting (*see e.g.*, doc. 140 at 3); (2) sections devoid of argument or analysis (*see e.g.*, *id.* at 6);

(3) references to the incorrect Plaintiff (*see e.g.*, id. at 14) ("*He* alleges *he* had property rights in *his* position with the Montgomery Police Department") (emphases added); (4) internal draft notations, which were included in the final copy (*see e.g.*, *id.* at 13, 25) ("I thought I saw you write something up about . . ."); ("need research on this"); and (5) phantom footnotes (*see e.g.*, *id.* at 27 n.3). The Plaintiff, represented by three attorneys of record, with thirty-five-days to draft a response still submitted an incomplete "draft" submission. Plaintiff's counsel assured the Court that the Plaintiff "has been diligent in efforts to complete her response brief and evidentiary submission timely[.]" (Doc. 120 at 4, para. 12). The Court is left with more questions than answers regarding the diligence displayed in this case.

### 3.    Ruling on the Plaintiff's Motions to Strike and Motions for Leave

In light of the Court's review of the procedural background in this case, the Court now evaluates the merits of the Plaintiff's motions to strike (docs. 131 & 138) and the Plaintiff's motions for leave to file brief out of time (docs. 135 & 136). Considering the Plaintiff's representations that the evidentiary submission filed on March 31, 2025, was intended to be filed in Case No. 2:23-cv-464-KKD, the Court grants the Plaintiff's first motion to strike.[15] (Doc. 131). The Plaintiff's evidentiary submission in doc. 124 and attached exhibits are stricken from the record.

Although the Defendants oppose the Plaintiff's motions for leave, the Court will permit the Plaintiff to file her response brief out of time. The Eleventh Circuit has "long

---

[15] The Plaintiff's second motion to strike is denied as moot. (Doc. 138).

expressed [its] 'strong policy of determining cases on their merits' when reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) (quoting *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam)). "[W]e strive to afford a litigant his or her day in court, if possible." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005) (citation omitted). Considering the Eleventh Circuit's strong policy of determining cases based on their merits, the Court will grant the Plaintiff's second motion for leave to file brief out of time.[16] (Doc. 136). The Court considers the Plaintiff's filed response (doc. 140) as her submission—the Court will not allow the Plaintiff to edit her response.

### D.    Attorney Leonard's Motion to Withdraw

On April 14, 2025, after the flurry of filings at issue in this case, Attorney Leonard moved to withdraw from the case. (Doc. 144). Attorney Leonard notes that "she has not been actively involved in this case since 2023, and [her] commitments in other cases will preclude her involvement in the future." (Doc. 144 at 1, para. 2). Attorney Leonard was unable to "assist with [the] responsive briefing." (*Id.* at 2 n.1). Although Attorney Leonard was required to comply with the relevant deadlines in this case, because the Plaintiff maintains Attorneys Alicia Haynes and Kenneth Haynes as counsel of record, Attorney Leonard's motion to withdraw (doc. 144) is due to be granted.

---

[16] The Plaintiff's first motion for leave to file brief out of time is denied as moot. (Doc. 135).

**E.    Protective Order and Related Motions to Seal and Unseal**

After the three related cases were consolidated for discovery, the parties filed a joint motion for entry of order regarding disclosure of matters subject to grand jury secrecy and protection of confidential information and evidence. (Doc. 81 in Case No. 2:23-cv-146-KKD).  On October 25, 2025, a protective order was entered in the post consolidation lead case. (Doc. 82 in Case No. 2:23-cv-146-KKD).  The Protective Order provides that "[a]ll documents and information designated 'Confidential' may be filed with the court prior to the expiration of the discovery deadline without the permission of the other party, provided that . . . the documents and information designated 'Confidential' are filed under seal." (*Id.* at 8).  The Protective Order further states, "[a]s soon as practicable, but in any event no later than the discovery deadline in this case, the parties are ordered to exchange any objections that any party may have as to any confidentiality designation, <u>including any objection specifically as to filing documents under seal</u>, and to meet and confer regarding any such objections." (*Id.*) (emphases in original).  The discovery period ended on February 21, 2025. (Doc. 101 in Case No. 2:23-cv-146-KKD).

"If the objecting party does not notify the court of its objections within this time period, his objection is deemed waived, absent agreement by the parties to extend that time period." (Doc. 82 at 10 in Case No. 2:23-cv-146-KKD).  Documents that were designated as confidential to which no timely objection has been filed "shall remain subject to the protections of [the] Protective Order unless and until the Court holds otherwise." (*Id.*). With this language in mind, the Court evaluates the Plaintiff's motion to unseal (doc. 122) and the Commission's motion to seal (doc. 143).

1.      **The Plaintiff's Motion to Unseal**

On February 28, 2025, the Defendants moved to seal Exhibits K and HH filed in support of their summary judgment motion, citing this Court's Protective Order.[17] (Doc. 112 at 2). Exhibit HH contains a letter and related documents from the State of Alabama, Office of the Attorney General regarding the Plaintiff and is clearly marked, "CONFIDENTIAL//PRIVILEGED//GRAND JURY SECRECY ACT[.]" (Doc. 110-6 at 4). The sealed portion of Exhibit K contains documents related to an Ethics Commission Complaint, which is also marked "CONFIDENTIAL[.]"[18] (Doc. 108-31 at 2). The Defendants' motion was granted, and Exhibits K and HH were placed under seal. Specifically, on March 30, 2025, the Plaintiff filed an "opposition to [the] Defendants filing documents under seal[,]" (doc. 122) which the Court construed as a motion to unseal. (*See* doc. 130). The Defendants and the Commission filed responses (docs. 141 & 142), and the motion to unseal is before the Court.

The plain language of the Court's Protective Order states that "[a]s soon as practicable, but in any event *no later than the discovery deadline* in this case, the parties are ordered to exchange any objections that any party may have as to any confidentiality designation, including any objection specifically as to filing documents under seal, and to

_____

[17] The Court's Protective Order was entered in the post consolidation lead case. (Doc. 82 in Case No. 2:23-cv-146-KKD).

[18] The sealed portion of Exhibit K is listed on the docket as "Exhibit K-PX14." However, as the Plaintiff points out in her motion to unseal (doc. 122 at 2, para. 2) "Exhibit K" also includes Marcus Webster's deposition transcript, which is currently not sealed. (*See* doc. 108-30). The Defendants are given leave to file a motion to seal doc. 108-30, if it is due to be sealed. The Court refers to "Exhibit K-PX14" as "Exhibit K" above.

meet and confer regarding such objections." (Doc. 82 at 8 in Case No. 2:23-cv-146-KKD) (first emphases added) (second emphases in original).   The Plaintiff's motion to unseal does not state that the objections were lodged before February 21, 2025—the discovery deadline in this case.   It appears the objections were lodged on March 30, 2025, over a month after discovery closed.   Further, the Plaintiff does not state that she met and conferred with opposing counsel regarding such objections.   The documents placed under seal, Exhibits K and HH, are marked as confidential and no timely objection has been filed. Therefore, the documents will remain under seal and the Plaintiff's motion to unseal is due to be denied (doc. 122).

### 2.      The Commission's Motion to Seal

On April 9, 2025, the Commission moved to seal exhibits filed as part of the Plaintiff's evidentiary submissions. (Doc. 143).   Specifically, the Commission moved to seal the following exhibits:   "B, C, D, E, G, H, I , J, K, L, M, N, O, P, Q, R, BB, GG, II, RR, ZZ, AAA, BBB, CCC, DDD, EEE, HHH, III, PPP, QQQ, and RRR." (*Id.* at 3).   The Commission argues that "the Plaintiff, through her evidentiary submissions, violated this Court's Protective Order and the Grand Jury Secrecy provisions of the Ethics Act by neglecting to file under seal several documents the Ethics Commission identified as confidential[.]" (*Id.*).   Further, the Commission states that the specified exhibits contain "complete transcripts of the Ethics Commission employees discussing matters protected by Grand Jury Secrecy and discussed pursuant to the Protective Order." (*Id.*).   The Plaintiff has not responded to the Commission's motion to seal.

As discussed in Section II.C.1, the Plaintiff did not comply with this Court's summary judgment briefing requirements, as outlined in the Court's Uniform Scheduling Order. The Plaintiff did not properly specifically reference, by page and line, the materials included in her summary judgment evidentiary submissions. Therefore, the Plaintiff's evidentiary submissions are due to be stricken from the record. Although due to be stricken, the Plaintiff must still comply with the Court's Protective Order. The Commission's motion to seal seeks to shield the following documents from public view, exhibits: B, C, D, E, G, H, I , J, K, L, M, N, O, P, Q, R, BB, GG, II, RR, ZZ, AAA, BBB, CCC, DDD, EEE, HHH, III, PPP, QQQ, and RRR. The Commission represents that the documents were "identified as confidential" during discovery. (*Id.*). For good cause, the Court finds the Commission's motion to seal is due to be granted (doc. 143).

## F.    Plaintiff's Motion to Exclude Undisclosed Witnesses and Documents

On April 4, 2024, the Plaintiff moved to exclude witnesses and documents which the Defendants rely on in their motion for summary judgment. (Doc. 133 at 1). The Plaintiff argues that she "has been harmed by [the] Defendants' failure to timely supplement their disclosures to include . . . additional witnesses, and [the] Defendants should be precluded from relying on them at this juncture." (*Id.* at 5). To date, the Defendants have not responded. The Court will withhold a ruling on the Plaintiff's motion to exclude (doc. 133) until the Defendants have an opportunity to be heard. The Court will set out a briefing schedule below.

## III.  CONCLUSION

For the reasons stated, it is hereby ORDERED as follows:

21

1.    Attorney Leonard's motion to withdraw as counsel for the Plaintiff (doc. 144) is GRANTED.  Attorney Leonard is discharged from further service in this matter.

2.    The Plaintiff's first motion to strike evidentiary submission (doc. 131) is GRANTED.  Accordingly, doc. 124 and the documents attached to doc. 124 are STRICKEN.

3.    The Plaintiff's second motion to strike evidentiary submission (doc. 138) is DENIED as moot.

4.    The Plaintiff's second motion for leave to file brief out of time (doc. 136) is GRANTED.  The Court will consider the Plaintiff's response (doc. 140) when evaluating the Defendants' motion for summary judgment (doc. 107).

5.    The Plaintiff's first motion for leave to file brief out of time (doc. 135) is DENIED as moot.

6.    The Commission's motion to seal (doc. 143) is GRANTED.  The Clerk of Court is DIRECTED to seal the following exhibits:  B, C, D, E, G, H, I , J, K, L, M, N, O, P, Q, R, BB, GG, II, RR, ZZ, AAA, BBB, CCC, DDD, EEE, HHH, III, PPP, QQQ, and RRR in the Plaintiff's evidentiary submissions (*see* docs. 132 & 134).

7.    The Plaintiff's first (doc. 132), second (doc. 134), and third (doc. 139) evidentiary submissions are STRICKEN.  Accordingly, docs. 132, 134, and 139 and the documents attached to docs. 132, 134, and 139 are STRICKEN.

8.    The Plaintiff shall review its response to the Defendants' summary judgment motion (doc. 140) and the Plaintiff is given leave to refile any evidence to which she

specifically references by page and line number, in compliance with this Court's Uniform Scheduling Order, no later than **April 23, 2025**.  The Plaintiff may not substantively edit her response but may refile only the evidence, if any, she specifically references by page and line number.

9.      The Court's briefing Order (doc. 129) is VACATED.  The Defendants shall reply to the Plaintiff's response on or before **May 1, 2025**.  The Defendants are relieved of the obligation of reviewing the stricken evidentiary submissions (docs. 132, 134, and 139).

10.      The Court holds the Plaintiff's motion to exclude undisclosed witnesses and documents (doc. 133) in ABEYANCE until such time that the Defendants may be able to provide a response to the Plaintiff's motion.  The Defendants shall respond to the Plaintiff's motion to exclude undisclosed witnesses and documents (doc. 133) no later than **May 1, 2025.**

DONE this 16th day of April, 2025.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE